# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ, | Case No. 1:14-cv-01729 DLB |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF |
| MIMS, et al., | (Document 3) |
| Defendants. | |

Plaintiff Daniel Rodriguez ("Plaintiff") is an inmate in the Fresno County Jail proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 6, 2014. Also on November 6, 2014, Plaintiff filed a request for injunctive relief.

By separate order, the Court has dismissed his complaint with leave to amend.[1]

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 13, 2014.

(citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  *Summers*, 555 U.S. at 493 (citation omitted); *Mayfield*, 599 F.3d at 969.

Here, the Court has dismissed Plaintiff's complaint with leave to amend.  Accordingly, at this point, Plaintiff has not stated any claims for relief and he therefore lacks standing to seek preliminary relief.

Moreover, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562 (1969) (emphasis added); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  In this case, no defendant has yet made an appearance.  Whatever merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action.  *Zenith Radio Corp.*, 395 U.S. at 110; *Ross*, 504 F.3d at 1138-39.

Finally, even if these jurisdictional issues are remedied, Plaintiff may not be entitled to the relief he seeks. The Court's jurisdiction is limited to the claims in Plaintiff's complaint, which arise from an incident in April 2013.  Plaintiff alleges the use of excessive force and the subsequent denial of medical treatment.  *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal

1  courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal
2  quotation marks omitted).
3        Plaintiff's request for injunctive relief, however, is not limited to the claims in his
4  complaint. He requests that the Court (1) order the United States Attorney to pursue a criminal
5  investigation, (2) order that he be conditionally released or relocated to a different institution, and
6  (3) order the Fresno County Sheriff to release his health records to a representative of his choice.
7  The Court does not have jurisdiction to address any of these issues in the context of injunctive
8  relief.

## **ORDER**

10       Based on the above, Plaintiff's request for injunctive relief is DENIED.

IT IS SO ORDERED.

13    Dated:  **December 2, 2014**          /s/ *Dennis L. Beck*
14                                            UNITED STATES MAGISTRATE JUDGE