1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10   DANIEL RODRIGUEZ,                          Case No. 1:14-cv-01729 DLB

11            Plaintiff,                        ORDER DISMISSING COMPLAINT
                                                WITH LEAVE TO AMEND
12        v.

13   MIMS, et al.,                              THIRTY-DAY DEADLINE

14            Defendants.
     _____/
15

16        Plaintiff Daniel Rodriguez ("Plaintiff") is an inmate in the Fresno County Jail proceeding

17   pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed

18   this action on November 6, 2014.  He names Fresno County Sheriff Margaret Mims, Corizon

19   Health Director of Nursing K. Nunez, and "To Be Named" Fresno County Sheriff's Deputies as

20   Defendants.[1]

21   **A.    SCREENING STANDARD**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28   _____
     [1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 13, 2014.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.** **FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at the Fresno County Jail.

He alleges that on April 29, 2013, an unnamed Fresno County Sheriff's Deputy shot him in the face with a less-than-lethal "O.C. paintball gun."  ECF No. 1, at 3.  Plaintiff states that at the time, he was a non-participant in a riot on the ninth floor of the Fresno County Jail.  During the riot, several officers entered the sally port and then opened fire through the feed door of the pod, without warning.  Plaintiff was struck in the eye at a range of less than fifteen feet, and continued

2

1   to be hit as he fell to the ground and attempted to crawl away.  He alleges that the use of force was

2   "reckless, at best and outside of departmental procedures for such a scenario."  ECF No. 1, at 3.

3          Plaintiff contends that the shot caused severe damage to his eye.  He was transported to

4   Community Regional Medical Center after the incident, where he was discharged after several

5   surgeries.  Plaintiff states that he was discharged with specific orders for care and medication.

6   However, as of the date of his complaint, Corizon Health has failed to transport Plaintiff to

7   specialist appointments for his vision issues and neurological conditions.

8          Plaintiff contends that he continues to request medical care for his eye and headaches, but

9   he has been told that he will not receive care.

10         Finally, Plaintiff alleges that research conducted by family members has revealed that

11  while he was hospitalized, eye specialists wanted to "explore more surgeries to repair [his] eye,

12  but a representative from Corizon deemed the procedure as costly and unneeded."  ECF No. 1, at

13  4.  He states that he has not even received a prosthetic eye and is suffering from an empty eye

14  socket, nerve damage and headaches.

15  C.     **DISCUSSION**

16         1.     Defendant Mims

17         Supervisory personnel may not be held liable under section 1983 for the actions of

18  subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister,

19  734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726

20  F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir.

21  2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the

22  constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's

23  wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681

24  F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693

25  F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal

26  participation in the offensive act if supervisory officials implement a policy so deficient that the

27  policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

28  violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))

1  (internal quotation marks omitted).

2        Here, Plaintiff names Defendant Mims, but fails to allege any facts linking her to the

3  conduct at issue.  Instead, Plaintiff contends that an unnamed deputy fired the shot that hit him in

4  the eye.  As explained above, Defendant Mims cannot be held liable for the acts of her

5  subordinates.

6        Plaintiff therefore fails to state a claim against Defendant Mims.

7        2.        Defendant Nunez

8        Plaintiff alleges that Defendant Nunez is the Director of Nursing at Corizon Health.[2]

9  However, he does not link Defendant Nunez to any of the conduct at issue.  While he states that

10  Corizon Health failed to transport him to appointments, and determined that certain procedures

11  were unnecessary, he does not explain if, or how, Defendant Nunez was involved in any of these

12  events.

13        Accordingly, Plaintiff fails to state a claim against Defendant Nunez.

14        3.        Use of Excessive Force

15        As an initial matter, it is unclear whether Plaintiff was a convicted prisoner or a pretrial

16  detainee at the time of the events in question.  The Eighth Amendment's prohibition against cruel

17  and unusual punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535, 99

18  S.Ct. 1861 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865 (1989).  It is the

19  Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of

20  excessive force which amounts to punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175,

21  1197 (9th Cir. 2002) (citing Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the

22  applicable constitutional limitations for considering such claims, Lolli v. County of Orange, 351

23  F.3d 410, 415 (9th Cir. 2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

24        The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

25  Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)

26  (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied

27

28  [2] Plaintiff's allegations suggest that Corizon Health provided medical care to inmates at the Fresno County Jail.
Corizon Health would therefore be acting under color of state law for purposes of section 1983.

1   in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

2   harm." Hudson, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the Constitution,

3   the malicious and sadistic use of force to cause harm always violates the Eighth Amendment,

4   regardless of whether or not significant injury is evident.  Hudson, 503 U.S. at 9-10; Oliver v.

5   Keller, 289 F.3d 623, 628 (9th Cir. 2002).

6          In resolving claims of excessive force brought by pretrial detainees, the Fourth

7   Amendment's objective reasonableness standard applies.  Lolli, 351 F.3d at 415.  The inquiry is

8   whether Defendant's actions were objectively reasonable in light of the facts and circumstances

9   confronting them, without regard to their underlying intent or motivation.  Id. (citing Graham, 490

10  U.S. at 397) (quotation marks omitted).  The nature and quality of the intrusion on Plaintiff's

11  Fourth Amendment interests must be balanced against the countervailing governmental interests at

12  stake.  Id. (citing Graham, 490 U.S. at 397) (quotation marks omitted).  Factors may include the

13  severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat

14  to the safety of Defendant or others, and whether Plaintiff was actively attempting to avoid being

15  subdued or brought under control. See Gibson, 290 F.3d at 1198 (citation omitted).

16         Here, Plaintiff contends that an unknown deputy shot through the feed door, without

17  warning, during a riot.  While Plaintiff alleges that he was not a participant in the riot, he does not

18  include sufficient factual detail to allow the Court to determine if he states a claim under either the

19  Fourteenth or Eighth Amendment.  Under Plaintiff's facts, deputies were presented with a riot

20  situation and acted to end the danger.  That Plaintiff may have been injured during the riot,

21  without more, does not state a claim under either standard.  Indeed, Plaintiff states that the

22  deputy's actions were "reckless, at best," but reckless behavior does not necessarily rise to the

23  level of a constitutional violation.  Similarly, actions taken in contravention of established policies

24  don't necessarily rise to the level of a constitutional violation.

25         For these reasons, Plaintiff fails to state a claim under either the Eighth or Fourteenth

26  Amendments.

27

28

1          4.        Denial of Medical Care

2          Again, it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the

3   time of the events at issue.  However, while pretrial detainees' rights are protected under the Due

4   Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth

5   Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.

6   Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128

7   (9th Cir. 1998).  Therefore, the analysis is the same regardless of Plaintiff's status.

8          While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

9   care, the Eighth Amendment is violated only when a prison official acts with deliberate

10  indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.

11  2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

12  2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

13  1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

14  failure to treat [his] condition could result in further significant injury or the unnecessary and

15  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

16  indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).

17  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain

18  or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122

19  (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which

20  entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks

21  omitted); Wilhelm, 680 F.3d at 1122.

22          According to Plaintiff's allegations, he sustained an eye injury during a riot.  He states that

23  he has asked for medical care, but has been told he will not receive any.  He also alleges that

24  Corizon Health has failed to transport him for medical appointments.

25          Without additional facts, however, Plaintiff has not alleged that any Defendant has acted

26  with deliberate indifference.  The acts that he complains of, alone, do not state constitutional

27  claims.  For example, Plaintiff alleges that he has not been transported to appointments, but he

28  does not provide facts surrounding the failure.  He also alleges that procedures have been denied

6

1   as unnecessary or expensive, but the denials alone do not state a claim.

2   **D.**      **CONCLUSION AND ORDER**

3       For the above reasons, Plaintiff's complaint fails to state any claims for which relief may

4   be granted.  Plaintiff will be given leave to amend.  In amending, Plaintiff should also clarify

5   whether he was a pretrial detainee or a convicted prisoner at the time of the events at issue.

6       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

7   each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may

8   not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556

9   U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

10  2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

11  right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

12      Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa

13  County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

14  reference to the prior or superceded pleading," Local Rule 220.

15      Accordingly, it is HEREBY ORDERED that:

16      1.      Plaintiff's complaint is dismissed, with leave to amend;

17      2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

18      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

19  amended complaint; and

20      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

21  action will be dismissed, with prejudice, for failure to state a claim.

22

23  IT IS SO ORDERED.

24   Dated:   __December 2, 2014__          _____ /s/ *Dennis L. Beck*

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

7